# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATALIE OKTEN, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br>-vs-<br><br>R.T.R. FINANCIAL SERVICES, INC.; and JOHN DOES 1 to 10,<br><br>      Defendants. | Civil Action No.: 2:22-cv-02903<br><br><br><br><br>**ANSWER TO CLASS ACTION COMPLAINT** |

  Defendant R.T.R. Financial Services, Inc. ("R.T.R." or "Defendant"), by and through its undersigned attorneys, as and for its Answer to the Class Action Complaint of Natalie Okten, hereby states as follows:

## NATURE OF THE CASE

1. Defendant admits that Plaintiff purports to bring an action for the alleged unlawful disclosure of private financial information to third parties without prior consent, and failure to clearly identify the current creditor, but denies that they have a valid basis for doing so, and denies all remaining allegations set forth in Paragraph 1 of the Class Action Complaint.

2. Defendant responds that paragraph 2 of the Class Action Complaint purports to re-state statutory language or recite a legal conclusion to which no response from Defendant is required.

3. Defendant responds that paragraph 3 of the Class Action Complaint purports to re-state statutory language or recite a legal conclusion to which no response from Defendant is required.

4. Defendant denies the allegations set forth in Paragraph 4 of the Class Action Complaint.

5. Defendant denies the allegations set forth in Paragraph 5 of the Class Action Complaint.

6. Defendant denies the allegations set forth in Paragraph 6 of the Class Action Complaint.

7. Defendant denies the allegations set forth in Paragraph 7 of the Class Action Complaint.

8. Defendant admits that Plaintiff purports to bring an action for damages against Defendant arising from Defendant's alleged unlawful disclosure of sensitive and confidential personal identifying and financial information, but denies that they have a valid basis for doing so, and denies all remaining allegations set forth in paragraph 8 of the Class Action Complaint.

9. Defendant denies the allegations set forth in Paragraph 9 of the Class Action Complaint.

10. Defendant denies the allegations set forth in Paragraph 10 of the Class Action Complaint.

## **JURISDICTION AND VENUE**

11. Defendant admits that the United States District Court for the District of New Jersey has federal subject matter jurisdiction, but denies that violations of 15 U.S.C. § 1692 *et seq.*, or any other statute, took place.

12. Defendant admits that the District of New Jersey is a proper venue.

## **PARTIES**

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Class Action Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Class Action Complaint, and therefore denies same.

15. Defendant admits the allegations set forth in Paragraph 15 of the Class Action Complaint.

16. The allegations in Paragraph 16 of the Class Action Complaint are directed to another Defendant and therefore no response from RTR is required.

17. The allegations in Paragraph 17 of the Class Action Complaint are directed to another Defendant and therefore no response from RTR is required.

18. The allegations in Paragraph 18 of the Class Action Complaint are directed to another Defendant and therefore no response from RTR is required.

19.  Paragraph 19 of the Class Action Complaint requires no response from Defendant.

## FACTUAL ALLEGATIONS

**A.   Allegations Regarding Defendant's Practices Generally**

20.  Defendant admits that it collects or attempts to collect debts that are past due and denies the remaining allegations set forth in Paragraph 20 of the Class Action Complaint.

21.  Defendant admits that it collects or attempts to collect debts owed to others, some of which are for personal, family or household purposes, and denies the remaining allegations set forth in Paragraph 21 of the Class Action Complaint.

22.  Defendant admits that it collects or attempts to collect debts owed to others, some of which are for personal, family or household purposes, and denies the remaining allegations set forth in Paragraph 21 of the Class Action Complaint.

23.  Defendant admits that it collects or attempts to collect debts from natural persons, some of which are for personal, family or household purposes, and denies the remaining allegations set forth in Paragraph 21 of the Class Action Complaint.

24.  Defendant admits the allegations set forth in Paragraph 24 of the Class Action Complaint.

25.  Defendant admits the allegations set forth in Paragraph 25 of the Class Action Complaint.

26.  Defendant admits that it uses the mail and telephone in an attempt to collect debts, but denies the remaining allegations set forth in Paragraph 26 of the Class Action Complaint.

27.  Defendant admits the allegations set forth in Paragraph 27 of the Class Action Complaint.

**B.   The Debt**

28.  Defendant admits that Plaintiff incurred or owed a financial obligation but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 28 of the Class Action Complaint.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Class Action Complaint, and therefore denies same.

30.     Defendant admits the allegations set forth in Paragraph 30 of the Class Action Complaint.

31.     Defendant admits the allegations set forth in Paragraph 31 of the Class Action Complaint.

32.     Defendant admits the allegations set forth in Paragraph 32 of the Class Action Complaint.

33.     Defendant admits the allegations set forth in Paragraph 33 of the Class Action Complaint.

34.     Defendant admits the allegations set forth in Paragraph 34 of the Class Action Complaint.

35.     Defendant admits the allegations set forth in Paragraph 35 of the Class Action Complaint.

36.     Defendant admits the allegations set forth in Paragraph 36 of the Class Action Complaint.

37.     Defendant states that the letter at issue speaks for itself.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Class Action Complaint, and therefore denies same.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Class Action Complaint.

**C.      The Disclosure to a Third Party and Publication of List of Debtors**

40.     Defendant denies the allegations set forth in Paragraph 40 of the Class Action Complaint.

41.     Defendant admits the allegations set forth in Paragraph 41 of the Class Action Complaint, except denies that the "business firm" was "unrelated." To the extent the allegations in this Paragraph imply or allege a violation of the FDCPA by the Defendant, they are denied.

42.     Defendant denies the allegations set forth in Paragraph 42 of the Class Action Complaint.

43.     Defendant denies the allegations set forth in Paragraph 43 of the Class Action Complaint.

44.     Defendant admits the allegations set forth in Paragraph 44 of the Class Action Complaint.

45.     Defendant denies the allegations set forth in Paragraph 45 of the Class Action Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Class Action Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of the Class Action Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of the Class Action Complaint.

49. Defendant responds that Paragraph 49 of the Class Action Complaint purports to re-state statutory language or recite a legal conclusion to which no response from Defendant is required. To the extent the allegations in this Paragraph imply or allege a violation of the FDCPA by Defendant, they are denied.

50. Defendant responds that Paragraph 50 of the Class Action Complaint purports to re-state statutory language or recite a legal conclusion to which no response from Defendant is required.

51. Defendant denies the allegations set forth in Paragraph 51 of the Class Action Complaint.

52. Defendant responds that Paragraph 52 of the Class Action Complaint purports to re-state statutory language or recite a legal conclusion to which no response from Defendant is required.

53. Defendant denies the allegations set forth in Paragraph 53 of the Class Action Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Class Action Complaint.

55. Defendant admits the allegations set forth in Paragraph 55 of the Class Action Complaint,

56. Defendant denies the allegations set forth in Paragraph 56 of the Class Action Complaint.

57. Defendant denies the allegations set forth in Paragraph 57 of the Class Action Complaint,

58. Defendant denies the allegations set forth in Paragraph 58 of the Class Action Complaint.

**D.    Failure to Accurately and Clearly Identify the Current Creditor**

59. Defendant denies the allegations set forth in Paragraph 59 of the Class Action Complaint.

60. Defendant states that the letter speaks for itself.

61. Defendant denies the allegations set forth in Paragraph 61 of the Class Action Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of the Class Action Complaint.

63. Defendant denies the allegations set forth in Paragraph 63 of the Class Action Complaint.

64. Defendant denies the allegations set forth in Paragraph 64 of the Class Action Complaint.

65. Defendant admits the allegations set forth in Paragraph 65 of the Class Action Complaint.

66. Defendant denies the allegations set forth in Paragraph 66 of the Class Action Complaint.

67. Defendant denies the allegations set forth in Paragraph 67 of the Class Action Complaint.

68. Defendant denies the allegations set forth in Paragraph 68 of the Class Action Complaint.

69. Defendant admits the allegations set forth in Paragraph 69 of the Class Action Complaint.

70. Defendant denies the allegations set forth in Paragraph 70 of the Class Action Complaint.

71. Defendant denies the allegations set forth in Paragraph 71 of the Class Action Complaint.

72. Defendant admits the allegations set forth in Paragraph 72 of the Class Action Complaint.

## CLASS ACTION ALLEGATIONS

73. Defendant admits that Plaintiff purports to bring this action individually and on behalf of a class, but denies that class certification is appropriate, denies that Defendant violated the FDCPA, and denies that Plaintiff or any proposed class members are entitled to any of the relief sought in Paragraph 73 of the Class Action Complaint.

74. Defendant denies that class certification is appropriate, denies that Defendant violated the FDCPA, denies that Plaintiff or any proposed class members are entitled to any of the relief sought herein, and denies all remaining allegations in Paragraph 74 of the Class Action Complaint, and each and every subpart thereto.

75. Defendant denies that Plaintiff or any proposed class member is entitled to any damages.

76. Defendant denies the allegations set forth in Paragraph 76 of the Class Action Complaint.

77. Defendant denies the allegations set forth in Paragraph 77 of the Class Action Complaint.

78. Defendant denies the allegations set forth in Paragraph 78 of the Class Action Complaint.

79. Defendant denies the allegations set forth in Paragraph 79 of the Class Action Complaint.

80. Defendant denies the allegations set forth in Paragraph 80 of the Class Action Complaint.

81. Defendant denies the allegations set forth in Paragraph 81 of the Class Action Complaint.

82. Defendant denies the allegations set forth in Paragraph 82 of the Class Action Complaint.

83. Defendant denies the allegations set forth in Paragraph 83 of the Class Action Complaint.

84. Defendant denies the allegations set forth in Paragraph 84 of the Class Action Complaint.

85. Defendant denies the allegations set forth in Paragraph 85 of the Class Action Complaint.

## FIRST COUNT

## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF FOR THE CLASS

86. Defendant repeats and reiterates the foregoing responses to the preceding paragraphs as if fully restated herein.

87. Defendant denies the allegations set forth in Paragraph 87 of the Class Action Complaint.

88. Defendant denies the allegations set forth in Paragraph 88 of the Class Action Complaint.

89. Defendant denies the allegations set forth in Paragraph 89 of the Class Action Complaint.

90. Defendant denies the allegations set forth in Paragraph 90 of the Class Action Complaint.

91. Defendant denies the allegations set forth in Paragraph 91 of the Class Action Complaint.

92. Defendant denies the allegations set forth in Paragraph 92 of the Class Action Complaint.

## SECOND COUNT

## DAMAGES UNDER THE CONSUMER FRAUD ACT ON BEHALF OF THE CLASS

93. Defendant repeats and reiterates the foregoing responses to the preceding paragraphs as if fully restated herein.

94. Defendant responds that whether it is a "person" pursuant to the CFA calls for a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 94 of the Class Action Complaint.

95. Defendant responds that whether what Plaintiff and those similarly situated obtained is "merchandise" pursuant to the CFA calls for a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 95 of the Class Action Complaint.

96. Defendant denies the allegations set forth in Paragraph 96 of the Class Action Complaint.

97. Defendant denies the allegations set forth in Paragraph 97 of the Class Action Complaint.

98. Defendant denies the allegations set forth in Paragraph 98 of the Class Action Complaint.

99. Defendant denies the allegations set forth in Paragraph 99 of the Class Action Complaint.

### THIRD COUNT

### NEGLIGENCE ON BEHALF OF THE CLASS

100. Defendant repeats and reiterates the foregoing responses to the preceding paragraphs as if fully restated herein.

101. Defendant responds that Paragraph 101 of the Class Action Complaint purports to recite a legal conclusion to which no response from Defendant is required.

102. Defendant denies the allegations set forth in Paragraph 102 of the Class Action Complaint.

103. Defendant responds that Paragraph 103 of the Class Action Complaint purports to recite a legal conclusion to which no response from Defendant is required.

104. Defendant responds that Paragraph 104 of the Class Action Complaint purports to recite a legal conclusion to which no response from Defendant is required.

105. Defendant denies the allegations set forth in Paragraph 105 of the Class Action Complaint.

106. Defendant denies the allegations set forth in Paragraph 106 of the Class Action Complaint.

107. Defendant denies the allegations set forth in Paragraph 107 of the Class Action Complaint.

## FOURTH COUNT

## INVASION OF PRIVACY ON BEHALF OF THE CLASS

108. Defendant repeats and reiterates the foregoing responses to the preceding paragraphs as if fully restated herein.

109. Defendant denies the allegations set forth in Paragraph 109 of the Class Action Complaint.

110. Defendant denies the allegations set forth in Paragraph 110 of the Class Action Complaint.

111. Defendant denies the allegations set forth in Paragraph 111 of the Class Action Complaint.

112. Defendant denies the allegations set forth in Paragraph 112 of the Class Action Complaint.

113. Defendant denies the allegations set forth in Paragraph 113 of the Class Action Complaint.

114. Defendant responds that Paragraph 114 of the Class Action Complaint purports to recite a legal conclusion to which no response from Defendant is required.

115. Defendant denies the allegations set forth in Paragraph 115 of the Class Action Complaint.

116. Defendant denies the allegations set forth in Paragraph 116 of the Class Action Complaint.

117. Defendant denies the allegations set forth in Paragraph 117 of the Class Action Complaint.

## FIFTH COUNT

## FAIR DEBT COLLECTION PRACTICES ACT FOR THE FDCPA SUBCLASS

118. Defendant repeats and reiterates the foregoing responses to the preceding paragraphs as if fully restated herein.

119. Defendant responds that whether Plaintiff and those similarly situated are "consumers" pursuant to the FDCPA calls for a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 119 of the Class Action Complaint.

120. Defendant responds that whether it is a "debt collector" pursuant to the FDCPA calls for a legal conclusion to which no response from Defendant is required.

121. Defendant responds that whether The Debt is a "debt" pursuant to the FDCPA calls for a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant admits the allegations set forth in Paragraph 121 of the Class Action Complaint.

122.    Defendant responds that whether Plaintiff is a "consumer" pursuant to the FDCPA calls for a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 122 of the Class Action Complaint.

123.    Defendant responds that whether the 4/20/21 Letter is a "communication" pursuant to the FDCPA calls for a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 123 of the Class Action Complaint.

124.    Defendant admits the allegations set forth in Paragraph 124 of the Class Action Complaint.

125.    Defendant admits the allegations set forth in Paragraph 125 of the Class Action Complaint.

126.    Defendant denies the allegations set forth in Paragraph 126 of the Class Action Complaint.

127.    Defendant denies the allegations set forth in Paragraph 127 of the Class Action Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Class Action Complaint fails to state a claim upon which relief may be granted as matter of law.

## SECOND AFFIRMATIVE DEFENSE

To the extent any alleged error occurred, such error was unintentional and occurred due to a *bona fide* error despite the maintenance of procedures reasonably adapted to avoid any such error. *See* 15 U.S.C. § 1692k(c).

## THIRD AFFIRMATIVE DEFENSE

At all relevant times as alleged in Plaintiff's Class Action Complaint, R.T.R. acted in good faith and with due care and diligence, and acted with no malice or intent to injure, harm, deceive, misrepresent to, defraud, or otherwise harass Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, are attributed, in whole or in part, to the acts or conduct of another party or third party, including any contributory negligence on behalf of the Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Class certification is not appropriate as, amongst other reasons, individual issues predominate and class relief to the putative class members, if any, is likely to provide materially worse redress to any alleged violations of the FDCPA, thus a class action is not a superior method of resolving the claims at bar.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred, in whole or in part, due to their failure to mitigate her alleged damages, if any.

**WHEREFORE**, Defendant, R.T.R. Financial Services, Inc. respectfully requests that the Court enter judgment against the Plaintiff and in favor of the Defendant, including all costs of this suit.

Dated: May 25, 2022

                                              THE SALVO LAW FIRM, P.C.

                                              By:  /s/ Cindy D. Salvo
                                                    Cindy D. Salvo, Esq.

                                              185 Fairfield Avenue, Suite 3C/3D
                                              West Caldwell, New Jersey 07006
                                              T: 973-226-2220
                                              F: 973-900-8800
                                              csalvo@salvolawfirm.com

                                              Attorneys for Defendant,
                                              R.T.R. Financial Services, Inc.